UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. BARNES,<br><br>    Petitioner,<br><br>    v.<br><br>SHERIFF AHERN,<br><br>    Respondent. | Case No. 18-cv-05094 SVK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner has paid the filing fee. For the reasons stated below, Respondent is ordered to show cause why the petition should not be granted.

**DISCUSSION**

A.   Standard of review

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court shall "award the writ or issue an order directing the respondent to

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 1.
Case No. 18-cv-05094 SVK (PR)
ORDER TO SHOW CAUSE
1

show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's claims

In the petition, Petitioner alleges that the Bureau of Prisons is miscalculating his sentence. Petitioner was convicted and sentenced in federal court in *United States v. Barnes*, Case No. 01-cr-40200 SBA (N.D. Cal. closed July 16, 2014) ("*Barnes I*"). Petitioner alleges that the judgment in *Barnes* shows that Petitioner was sentenced to a term of 18 months, and directed that 9 of those months be run concurrently with Petitioner's 19-year state sentence he was already serving. The remaining 9 months would be served consecutively to Petitioner's state sentence. According to Petitioner, the Bureau of Prisons is not honoring the portion of the sentence that was to run concurrently. Petitioner implies that he has served the term of his state sentence. Respondent is ordered to show cause why the petition should not be granted as to this claim.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto, and a magistrate judge consent form upon the Respondent and the Respondent's attorney, the Attorney General of the United States. The Clerk shall also serve a copy of this order on the Petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this order.

2. Respondent shall file with the Court and serve on Petitioner, within sixty days of the date this order is filed, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of Petitioner's underlying criminal record that have been transcribed previously and that are relevant

Case No. 18-cv-05094 SVK (PR)
ORDER TO SHOW CAUSE

2

to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer within sixty days of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 11/13/18

SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE

Case No. 18-cv-05094 SVK (PR)
ORDER TO SHOW CAUSE

3